J-S38008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH SPENCER | : | |
| | : | |
| Appellant | : | No. 359 MDA 2020 |

Appeal from the Judgment of Sentence Entered February 7, 2020,
in the Court of Common Pleas of Schuylkill County,
Criminal Division at No(s):  CP-54-CR-0000995-2019.

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED SEPTEMBER 15, 2020**

Joseph Spencer appeals from the judgment of sentence imposing an aggregate term of fourteen months to seven years' incarceration in the Schuylkill County Prison, after a trial judge convicted him of driving under the influence (DUI, controlled substances);[1] possession of marijuana;[2] possession of drug paraphernalia;[3] and related summary offenses.  We affirm.

On January 31, 2019, Officer James Bonner of Coaldale pulled Spencer over for running a stop sign.  During the traffic stop, the officer smelled burnt

———————————————————

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A § 3802(d)(1)(iii).

[2] 35 P.S. § 780-113(a)(32).

[3] 35 P.S. § 780-113(a)(32).

marijuana emanating from Spencer's car, observed signs that Spencer was DUI, and arrested him.

Initially, the public defender's office represented Spencer. A magisterial district court arraigned him on August 30, 2019. Generally, defendants have 30 days after their arraignments to move for suppression of evidence. *See* Pa.R.Crim.P. 581(B); Pa.R.Crim.P. 579(A). Spencer's motion to suppress was therefore due September 29, 2019. The public defenders' office did not file any pretrial motions.

Private counsel began representing Spencer on December 10, 2019. Counsel then waited another month to file an omnibus, pretrial motion on January 8, 2020. Hence, counsel filed the motion two days before a scheduled status hearing on whether the parties were ready for trial.

One section of Spencer's omnibus, pretrial motion was entitled "Motion for Extension of Time to File Additional/Amended Claims." That portion followed the section entitled "Motion to Suppress Evidence." *See* Spencer's Omnibus, Pretrial Motion at 2, 4-5. The second section of the omnibus motion dealt with the purported failure of the Commonwealth to provide Spencer with discovery, not the suppression issue. Indeed, the only reason for the delayed omnibus, pretrial motion that Spencer offered was "discovery has not been completed." *Id.* at 5 (quoting Pa.R.Crim.P. 579(A)). He therefore pleaded no facts or reasoning to justify the tardiness of his motion to suppress evidence, nor did that part of the motion ask for leave to file it "in the interest of justice." Pa.R.Crim.P. 579(A)

- 2 -

Regarding the motion to suppress, Spencer alleged the following facts:

9.  Officer Bonner indicated that he observed [Spencer's] vehicle traveling east on West Phillips Street in Coaldale Township.

10. However, a third-party witness subsequently informed [Spencer] and his counsel that [the witness] observed the location from which Officer Bonner was observing traffic on the evening of January 31, 2019.

11. This third-party witness indicated that Officer Bonner was sitting stationary behind a dumpster to conceal the location of his patrol car from bypassing traffic.

12. This dumpster also inhibited Officer Bonner's complete view of the intersection . . . .

*Id.* at 2. Notably absent from those allegations is any indication of when that unidentified third party first provided this information to Spencer.

At the status hearing, counsel immediately referenced the omnibus, pretrial motion when the trial court called this case. "Yeah, but it's late," the trial court replied. N.T., 1/10/20, at 2.

[Attorney]: It has to be heard. There [are] grounds.

The Court: No, it doesn't have to be heard. It's waived when it's late.

[Attorney]: The rule says if there was evidence that wasn't discovered previously - - I had just entered my appearance for Mr. Spencer. I went to Coaldale. I looked at the evidence. And there is new evidence that needs to be discovered, and I should have some time to do that . . . It has to do with a stop. I filed [the motion] as quickly as I could.

The Court: No. You entered your appearance a month before you filed it.

- 3 -

| [Attorney]: | I didn't have all that time to devote to it. When I did - - |
|---|---|
| The Court: | Well, it was already late when you entered your appearance. Now you wait another month to file it on the eve of trial, on the eve of trial. |
| [Attorney]: | Well, I'm just asking that it be heard. |
| The Court: | I don't think it's going to be heard. So is [this case] going to trial? |
| [Attorney]: | Yeah. |

*Id.* at 2-3.

Three days later, the trial court entered an order denying the omnibus, pretrial motion as untimely. The court convicted Spencer and sentenced him as described above. This timely appeal followed.

Spencer raises one issue on appeal. He asks whether the trial court abused its discretion by deeming his omnibus, pretrial motion untimely "where that motion alleged that the claims were based on a witness who provided new information subsequent to present counsel entering her appearance and that discovery had not yet been provided?" Spencer's Brief at 4.

This Court has said:

> The "interests of justice" exception provides a trial judge with discretion to excuse a party's tardy presentation of a suppression motion. We review the court's decision on these matters for an abuse of discretion. An abuse of discretion is not a mere error of judgment. Rather, it exists where the judge acts manifestly unreasonably, misapplies the law, or acts with partiality, bias, or ill will.

***Commonwealth v. Johonoson***, 844 A.2d 556, 561 (Pa. Super. 2004).

- 4 -

As mentioned above, and contrary to Spencer's framing of the issue, he made no allegation in his motion to suppress that his "claims were based on a witness who provided new information **subsequent** to present counsel entering her appearance . . . ." Spencer's Brief at 4 (emphasis added). Nothing in his motion to suppress indicates **when** this unidentified, third-party witness told him and his counsel about "new information." **Id.** The motion only alleges that this third party informed Spencer of Officer Bonner's location subsequent to Officer Bonner indicating that he observed Spencer driving on the night in question. Thus, as far as the motion to suppress is concerned, Spencer could have spoken with the unidentified witness any time between February 1, 2019 and January 8, 2020. On its face, the motion fails to establish the newness of the information to justify the grounds for the late suppression motion. Accordingly, the trial court did not abuse its discretion by refusing to indulge Spencer's facially untimely omnibus, pretrial motion.

The trial court's refusal to grant such an indulgence was not unreasonable. Spencer's new counsel waited from December 10, 2019 until January 8, 2020 to seek suppression, rather than moving to suppress with reasonable promptness once she learned of the witness. She also failed to offer a sufficiently specific justification for the delay. We cannot declare that the trial court's refusal to postpone Spencer's trial based on such indefinite information is either arbitrary or capricious.

And, we may not substitute our judgment for a trial court's regarding dispensations from Pa.R.Crim.P. 579(A). To invoke the "in the interest of

justice" exception under the timeliness rules on pretrial motions, a defendant needs to allege **something** of substance in his motion that, at a minimum, explains why he did not request suppression sooner than two days prior to a status hearing.  Spencer's motion fails in this regard.  Thus, the trial court did not abuse its discretion by taking his unjustified, untimely motion at face value.[4]  Spencer's only appellate issue warrants no relief.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2020

_____

[4] Spencer also makes a tangential argument regarding due process into his appeal.  **See** Spencer's Brief at 13-17 (citing, **e.g.**, **Application of Gault**, 387 U.S. 1 (1967)).  He suggests that the trial court's discussion of the omnibus, pretrial motion at the status hearing was not preceded by proper notice under the Due Process Clause.  U.S. Const. amnd. XIV.

Spencer's counsel – not the trial court – brought up the omnibus, pretrial motion at the status hearing.  Thus, he was not a victim of unfair surprise. Further, counsel for Spencer failed to interpose **any objection or argument** before the trial court based upon either the state or federal constitutions. Accordingly, Spencer has waived all constitutional claims.  Pa.R.A.P. 302(a). "[I]ssues, even those of constitutional dimension, are waived if not raised in the trial court."  **Commonwealth v. Pi Delta Psi, Inc.**, 211 A.3d 875, 884 (Pa. Super. 2019), *appeal denied*, 221 A.3d 644 (Pa. 2019).